United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Path Medical, LLC, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 18-60868-Civ-Scola |
| GEICO General Insurance | ) |
| Company, Defendant. | ) |

## **Order Remanding Case to State Court**

This matter is before the Court upon an independent review of the record. The Defendant removed this case from the Seventeenth Judicial Circuit Court in and for Broward County based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Notice of Removal, ECF No. 1). Upon further review of the notice and the complaint (ECF No. 1-3 at 4-29), the Court determines that this case should be remanded back to the state court.

A "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). Indeed, the Court is obligated to consider jurisdiction "even if it means raising the issue *sua sponte*." *In re Donovan*, 532 F.3d 1134, 1136 (11th Cir. 2008) (citing *AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 494 F.3d 1356, 1359 (11th Cir. 2007)). Additionally, federal courts are directed to construe removal statutes strictly and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of So. Ala. v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

A party seeking removal of a civil action has the burden to prove by a preponderance of the evidence that federal jurisdiction exists. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (citing *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009)). Diversity jurisdiction exists when the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Where, as in this case, the allegations of a complaint make an unspecified claim for damages, "the district court is not bound by the plaintiff's representations regarding its claim," and may review the record for evidence relevant to the amount in controversy. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). Indeed, "[t]he substantive jurisdictional requirements of removal do not limit the types of

evidence that may be used to satisfy the preponderance of the evidence standard. Defendants may introduce their own affidavits, declarations, or other documentation" to meet their burden. *Pretka, 608 F.3d at 755*. Importantly, however, a court's analysis of the amount in controversy focuses only on how much is in controversy at the time of removal, not later. *Id.* at 751; *see also Shaver v. Ford Motor Co.*, 768 F. Supp. 2d 1235, 1236 (S.D. Fla. 2011) (Marra, J.).

In the complaint, the Plaintiff alleges claims for breach of contract and bad faith arising from the Defendant's failure to pay for medical treatment rendered to the insured, Tanya Arroyo Santiago. The Plaintiff seeks declaratory relief, punitive damages, attorney's fees and costs, and specifically alleges that the "amount presently at issue is greater than One-Hundred Dollars ($100.00) but does not exceed Five Thousand Dollars ($5,000.00)." (Compl. at ¶ 2.) In addition, the Plaintiff made a pre-suit demand in the amount of $1,987.71. (*See* Compl. Ex. 1, ECF No. 1-3 at 18-19.) Therefore, upon the face of the complaint, the jurisdictional amount is not satisfied. *See Miedema v. Maytag Corp.* 450 F.3d 1322, 1330 (11th Cir. 2006) ("[A] court first examines whether it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.") (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)) (internal quotations omitted). Thus, the Court looks to the notice of removal.

In the notice, the Defendant contends that in addition to unspecified medical treatment costs, the Court should consider present and future attorney's fees and punitive damages in the calculation of the amount in controversy, but provides no basis upon which the Court may determine what a reasonable amount may be. The Defendant further asserts that the value of the declaratory judgment sought by the Plaintiff is significantly more than $75,000, and references a related case currently pending in the Middle District of Florida, in which the Defendant is seeking $15,000,000 for alleged fraud by the Plaintiff across a number of related cases involving in part the claimed charges in this case. However, that is an entirely different case from the case at bar, which involves one individual's claim for coverage.

As a result, the Defendant has not met its burden of proving that the amount in controversy is satisfied in the present case, and thus, that the Court has subject matter jurisdiction. Accordingly, this case is **remanded** to the Seventeenth Judicial Circuit Court in and for Broward County. All pending motions, if any, are **denied** as moot. The Court directs the Clerk to **close** this case.

**Done and ordered** at Miami, Florida, on May 10, 2018.

_____
Robert N. Scola, Jr.
United States District Judge